Ruffin, Chief-Justice.
 

 After stating the pleadings and reportas above set forth, proceeded as follows :
 

 The principle of computation acted on by the clerk is contrary to the rule laid down in
 
 Ryan
 
 v.
 
 Blount,
 
 (1
 
 Dev. Eq. Cas.
 
 382,) and
 
 Wood
 
 v.
 
 Brownrigg,
 
 (3
 
 Dev. Rep.430,)
 
 ant^ the decree must be opened in this respect, and the account refera! again to the master, to compute simple instead of compound interest, from the death of Wash
 
 ington,
 
 the guardian.
 

 The last point is of more consequence as a general question. The bill was filed against
 
 Washington
 
 in his life time, and upon his death, was revived against his executor by
 
 scire facias,
 
 and not by bill. The
 
 sd. fa,
 
 does not suggest assets in the hands of the executor, nov call for ati answer, nor could it. Upon the hearing, a decree was made that
 
 Washington
 
 ivas indebted to the plaintiffs in a certain sum, and that they might have execution therefor against the assets in the hands- of the executor, Such decrees have'erept into use of late unadvisedly, owing to the manner of reviving by
 
 scire facias,
 
 which does not admit of an answer by the executor acknowledging assets, or stating an account. But they are against principle, and will not in future be passed. The primary jurisdiction of the court, is
 
 in personam,
 
 and although our statutes allow executions in equity, the nature of the decree is not altered, but only that process is substituted, at the election of the party, for that of contempt. The decree is against the defendant personally, regarding him as a trustee by reason of the fund in his hands, applicable to the plaintiffs satisfaction. And no decree ought ever to be given for raising the money, unless the assets be admitted by the defendant, or found upon a reference. Of course this makes a reference indispensable in every case of a revival by
 
 scire facias,
 
 which should make plaintiffs more particular about the mode of reviving. For it increases the expense certainly and they may lose the important advantage of fixing the defendant with assets
 
 *480
 
 by confession in an early stage of the cause, and before they have been applied to other creditors. Indeed the court has felt a difficulty in saying that there could be any account of the assets ordered upon such a revivor, as this mode seems only to be proper when the executor is a formal party, and no. relief prayed against him. But it is understood that the practice has been otherwise, and therefore a reference is allowed as incidental to the relief. Certainly an absolute decree cannot pass until assets be found; and we should not know howto treat such a decree upon an application for execution against the assets. If in analogy to the judgment at law', it would be conclusive and subject the executor to payment unless he produced property. But that could not be sustained, for the rule of pleading is different. At.law, a party is held to admit all he does not put in issue. In equity, it is just the contrary ; and if the answer neither admit nor deny a fact charged by the plaintiff,it may be excepted to as insufficient. The object is to get the discovery. Therefore, the decree would conclude nothing but the sum declared to be due. No process ought to issue on it.
 

 The decree must therefore be reformed in this respect, and a reference made to a master to take an account of the assets of the testator
 
 Washington,
 
 which came to the hands of his executor, the defendant, and the disposition thereof made, and his disbursements; and if any part thereof remain in specific articles, of what the same consist,and the value thereof, and the profits made on the estate by the defendant,or any person under his authority, or that might have been made, making all just allowances, and report the same with any special matters by any of the parties required.
 

 Per Curiam, — Order accord in gxt.